**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\*\*\***

TIMOTHY HOUSE,

                Plaintiff,

vs.

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                Defendant.

2:13–cv–1177–GMN–VCF

**REPORT & RECOMMENDATION**

       This matter involves Plaintiff Timothy House's appeal from Defendant Carolyn W. Colvin's final decision denying House social security benefits. (Compl. (#4) at 2: 21-23[1]). Currently before the court is House's motion to remand (#13). Colvin filed an opposition (#14); and House replied (#15).

**BACKGROUND**

       This action arises under the Social Security Act, Titles II and XVI. House filed an application for a period of disability and disability insurance benefits, and supplemental security income on August 18, 2010, alleging onset of disability beginning January 1, 2006. AR 134-140 and 141-147. House was denied initially and on reconsideration. AR 79-82, 90-95. House requested a hearing on the matter. AR 96-97.

       Administrative Law Judge Norman L. Bennett conducted the hearing ("the Hearing") on March 23, 2012. AR 42-66. ALJ Bennett published a decision unfavorable to House on May 15, 2012. AR 25-

---

[1] Parenthetical citations refer to the court's docket and AR citations refer to the administrative record.

39. House requested the Appeals Council review the ALJ's decision. AR 20-21. The Appeals Council denied review on May 6, 2013. AR 1-8. This timely civil action followed. The court has jurisdiction to review the final decision of the Commissioner pursuant to 42 U.S.C. §§ 405(g); 1383(c)**.**

There are no material inaudible or illegible portions of the transcript of the administrative hearing, and the record is adequate for judicial review. The parties stipulate that the ALJ fairly and accurately summarized the evidence and testimony of record in his hearing decision except as specifically stated in their argument sections, although the medical evidence contains some handwriting that is difficult to decipher. (#13 at 4: 17-21; #14 at 3: 7-10).

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319 (1976); *Gonzalez v. Sullivan*, 914 F.2d 1197, 1203 (9th Cir. 1990). When, as here, the Commissioner of Social Security renders a final decision, which denies a claimant's benefits, the Social Security Act authorizes the District Court to review the Commissioner's decision. *See* 42 U.S.C. § 405(g); *see also* 28 U.S.C. § 636(b) (permitting the District Court to refer matters to a U.S. Magistrate Judge).

The District Court's review of the Commissioner's decision is limited. The court reviews the Commissioner's decision to determine whether (1) the Commissioner applied the correct legal standards and (2) the decision is supported by "substantial evidence." *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1193 (9th Cir. 2004); *Ukolov v. Barnhart*, 420 F.3d 1002 (9th Cir. 2005). Substantial evidence is defined as "more than a mere scintilla" of evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The issue before the court is, therefore, narrow. It is not whether the Commissioner could have reached a different conclusion, which the record may support. It is, rather, whether the decision is supported by enough "evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197 (1938) (defining "a mere scintilla" of evidence); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (stating that if the evidence supports more than one interpretation, the court must defer to the Commissioner's interpretation). Stated simply, the Commissioner's decision will be upheld if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision if the evidence preponderates against it).

## DISCUSSION

House challenges the Commissioner's final decision, claiming that the ALJ erred by failing to develop the record on the issue of, "whether House's mental residual functional capacity was impacted by his complaints." (#13 at 7: 1-5)  Before addressing these arguments, however, the court must first discuss the statutory groundwork from which House's allegations arise.

### A.     *The Statutory Groundwork*

The Social Security Act of 1935 was enacted by President Roosevelt in the wake of the Great Depression "to provide for the general welfare." 79 Cong. Rec. 12793 (1935) (excerpt from Conference Report–Social Security H.R. 7260). The Act recognizes (1) "the Nation's basic commitment . . . to foster the dignity and well-being of all persons within its borders [and (2) that] forces not within the control of the poor contribute to their poverty." *Goldberg v. Kelly*, 397 U.S. 254, 264 (1970) ("Public assistance, then, is not mere charity, but a means to 'promote the general Welfare, and secure the Blessings of Liberty to ourselves and our Posterity.'").

3

To qualify for benefits under the Social Security Act, the claimant must demonstrate his or her "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995), cert. denied, 517 U.S. 1122 (1996). If the claimant establishes an inability to perform his or her prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989). To make this determination, an Administrative Law Judge ("ALJ") at the Social Security Administration evaluates the claimant's claim for benefits according to a five-step process. *See* 20 C.F.R. §§ 404.1520; 416.920; *see also Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If at any step the ALJ determines that a finding of nondisability can be made, then a decision is rendered against the claimant and no further evaluation is required. *See* 20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4); *see also Barnhart v. Thomas*, 540 U.S. 20, 24 (2003).

The five-step process is as follow. First, the claimant must prove that she is not currently engaged in substantial gainful activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). Second, the claimant must prove that her impairment is "severe" in that it "significantly limits her physical or mental ability to do basic work activities." *See* 20 C.F.R. §§ 404.1520(c), 416.920(c). Third, the claimant must prove that she is disabled. *See* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926. To do so, the claimant must demonstrating that her impairments meet or are medically equivalent to one of the impairments listed in the social security regulations at 20 C.F.R. Part 404, Subpart P, App. 1. *Id.* Before considering step four, the ALJ must first determine the individual's residual functional capacity.[2]

---

[2] Residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments.

*See* 20 C.F.R. §§ 404.1520(e), 416.920(e). Fourth, the claimant must prove that she is incapable of meeting the physical and mental demands of her past relevant work. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f).

If the claimant satisfies her burden under the previous four steps, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work that exists in significant numbers in the national economy. *See* 20 C.F.R. §§ 404.1520(g), 416.920(g); *Yuckert*, 482 U.S. at 141-42. When making this determination, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience. *Id*. If the Commissioner proves that suitable work exists, the claimant is given the chance to prove that she cannot, in fact, perform that work. *Id*.

**B.   *The ALJ's Decision is Supported by Substantial Evidence***

House disputes the Commissioner's findings regarding Houses mental residual functional capacity. House argues that the ALJ had a duty to develop the record on the issue of Houses mental residual functional capacity, as follows:

Timothy House developed a seizure disorder secondary to a traumatic brain injury. AR 395. In his disability report from August 2010, Timothy House reported trouble concentrating due to his medications. AR 175. Mr. House stated that his inability "to do anything" caused depression. Id. Mr. House stated that he is "unable to function" because of the seizure medication. AR 179. He stated that his seizure medication makes him incoherent and confused. AR 185. Mr. House testified that Clonazepam made him lethargic. AR 58

Progress notes from Clark County Detention Center indicates that Mr. House complained of depression in December 2007. AR 276. Mr. House was diagnosed with

ETOH dependence, THC abuse, and personality disorder, not otherwise specified. AR 277. He was observed to exhibit poor insight and judgment. Id.

A progress note from February 22, 2007 showed subjective complaints of psychosis and discussed 2 prior suicide attempts "years ago." AR 285. There he was diagnosed with THC abuse/dependence. AR 286. At the internal medicine consultative examination in January 2011, Khalid A. Kamal, M.D., noted a history of depression secondary to head trauma. AR 350.

After the hearing, Mr. House sought mental health treatment at Southern Nevada Adult Mental Health in August 2012, nearly 3 months after the hearing. AR 493. Mr. House reported that he suffered depressive symptoms for a "few years." AR 494. He stated that his depression was a result of not being independent anymore. AR 494. Mr. House was diagnosed with major depressive disorder, single episode, moderate, and generalized anxiety disorder. His Global Assessment of Functioning (GAF) score was assessed as 55, indicating moderate symptoms . American Psychiatric Association, DSM-IV. (#13 at 5-6)

In challenging the ALJ's decision finding him not disabled, Plaintiff relies almost entirely on evidence he submitted for the first time to the Appeals Council in conjunction with his request for review of the ALJ's decision. The Appeals Council denied review of the ALJ's decision (AR 1-4). Federal courts "do not have jurisdiction to review a decision of the Appeals Council denying a request for review of an ALJ's decision, because the Appeals Council decision is a non-final agency action." Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1159-60 (9th Cir. 2012); see also Taylor v. Comm'r of Soc. Sec. Admin., 659 F.3d 1228, 1231 (9th Cir. 2011). When the Appeals Council declines

review, "the ALJ's decision becomes the final decision of the Commissioner" subject to substantial evidence review based on the record as a whole. See Taylor, 659 F.3d at 1231.

The Ninth Circuit, nevertheless, has held "that when a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." Brewes, 682 F.3d at 1159-60, 1162-63 (adopting Ramirez v. Shalala, 8 F.3d 1449, 1451-52 (9th Cir. 1993)); but see Mayes, 276 F.3d at 462 (holding that to "justify a remand," claimant "must show that [the evidence submitted to the Appeals Council] is material to determining her disability, and that she had good cause for having failed to produce that evidence earlier").

In Mayes, the Ninth Circuit held that, "the ALJ cannot be responsible for diagnosing a problem that a claimant decides not to pursue" Id. At 463.  House offers no justification, let alone good cause, for failing to pursue, during the Hearing, a claim that his mental residual functional capacity prevented him from doing his past relevant work as a telemarketer.

The evidence in the record supports the ALJ's RFC finding that properly excluded any mental limitations. In February 2007, treatment providers noted that Plaintiff had prior suicide attempts but currently had no depression or psychosis; upon examination, mental status examination findings were largely normal, with the exception of "upset and angry" affect (AR 285-86). In December 2007, Plaintiff was "very dramatic" and again had largely normal mental status findings, with the exception of labile affect (rapid changes in emotion), mild depression, and poor insight and judgment (AR 276-77). Although Plaintiff reported being depressed because he could not do anything because of his medications, he also stated that he had not received any mental health treatment (AR 160, 175).  Plaintiff was represented by counsel at his hearing, and Plaintiff's counsel had the opportunity to question

Plaintiff about any mental limitations, which he failed to do (AR 42-66). House's prior counsel also failed to raise the issue of mental limitations in his briefs before the Appeals Council (AR 195-97).

The ALJ fully and fairly developed the record. The ALJ's determination that Timothy House was capable of performing past relevant work as a telemarketer, AR 34, is supported by substantial evidence in the record.  Substantial evidence also supports the ALJ's determination that Timothy House had not been under a disability since January 1, 2006, through the date of the Hearing. AR 34.

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that Plaintiff Timothy House's Motion to Remand (#13) be DENIED.

IT IS SO RECOMMENDED.

DATED this 13th day of January, 2014.


_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE